**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4769**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

JEFFORY HARRISON,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:09-cr-00234-1)

─────────────

Submitted:  February 17, 2012      Decided:  February 23, 2012

─────────────

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffory Harrison appeals the eighteen-month sentence the district court imposed after revoking Harrison's probation. Harrison argues his sentence is plainly procedurally unreasonable because the district court failed to articulate why a sentence within the three- to nine-month policy statement range applicable to his probation violations was insufficient to achieve the statutory sentencing objectives set forth in 18 U.S.C. § 3553(a) (2006). Because we discern no procedural error in the district court's sentencing, we affirm.

A sentence imposed after revocation of probation should be affirmed if it is within the applicable statutory maximum and not plainly unreasonable. See United States v. Moulden, 478 F.3d 652, 656-57 (4th Cir. 2007). In reviewing a revocation sentence, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." Id. at 656 (internal quotation marks omitted).

We first determine whether the revocation sentence is procedurally or substantively unreasonable.[*] See United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation

---

[*] Because Harrison does not challenge the substantive reasonableness of his sentence, we limit our discussion to the procedural reasonableness inquiry.

sentence is procedurally reasonable if the district court considered the advisory policy statement range based on Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable § 3553(a) factors. See Moulden, 478 F.3d at 656 (noting that in probation revocation context, sentencing court must assess all of the § 3553(a) sentencing factors); Crudup, 461 F.3d at 438-39. Furthermore, the district court must state a proper basis for concluding the defendant should receive the sentence imposed, "but this statement need not be as specific as has been required for departing from a traditional [G]uidelines range." Moulden, 478 F.3d at 657 (internal quotation marks omitted). Only if the sentence is procedurally or substantively unreasonable do we assess whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 439.

Based on our review of the transcript of the revocation hearing, we readily conclude the district court adequately explained the reasons for the sentence it selected for Harrison. Furthermore, the district court's explanation implicitly addresses why it rejected a within-policy statement range sentence. We thus conclude that the eighteen-month sentence Harrison received was procedurally reasonable and affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

AFFIRMED